Ciardello v. Maxfli                    CV-94-348-SD   01/24/96
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Gerald M. Ciardello


     v.                                         Civil No. 94-348-SD


Maxfli



                              O R D E R


     Plaintiff pro se Gerald M. Ciardello moves for leave to
appeal in forma pauperis, Rule 24(a), Fed. R. App. P.;[1] 28 U.S.C.

_____

     [1]Rule 24(a), Fed. R. App. P., provides in pertinent part:

          A party to an action in a district court
          who desires to proceed on appeal in forma
          pauperis shall file in the district a motion
          for leave so to proceed, together with an
          affidavit, showing, in the detail prescribed
          by Form 4 of the Appendix of Forms, the
          party's inability to pay fees and costs or to
          give security therefor, the party's belief
          that that party is entitled to redress, and a
          statement of the issues which that party
          intends to present on appeal.  If the motion
          is granted, the party may proceed without
          further application to the court of appeals
          and without prepayment of fees or costs in
          either court or the giving of security
          therefor.  If the motion is denied, the
          district court shall state in writing the
          reasons for the denial.

§ 1915(a),[2] from this court's grant of summary judgment to the defendant herein.  Document 17.

Designed to insure that indigent litigants have meaningful access to the federal courts, <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989), 28 U.S.C. § 1915(a) permits indigent parties to proceed if the accompanying affidavit asserts the inability to pay the necessary costs and gives security therefor and if the party states "the nature of the . . . appeal . . . ."

Plaintiff originally proceeded in this litigation without claiming indigency.  His affidavit filed with this motion, however, details the earning of $8,000 from self employment for calendar year 1995, and his only other apparent asset is a 1978 vintage motor vehicle, the approximate value of which is $2,500

---

[2]28 U.S.C. § 1915(a) provides in relevant part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

2

to $3,000.  His affidavit seemingly, therefore, sets forth the requisite details of indigency.

Moreover, the court cannot here say that there is not arguable basis for relief in either law or fact, <u>Denton v. Hernandez</u>, 504 U.S. 25, 31-32 (1992), which is a necessary requirement for a dismissal on the ground that a suit is frivolous.  Accordingly, the motion to proceed in forma pauperis in this matter must be and it is herewith granted.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

January 24, 1996

cc:  Gerald M. Ciardello, pro se
     Arthur G. Greene, Esq.